**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4739**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GAVIN RODERICK WHITE, a/k/a Joe White,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Jackson L. Kiser, Senior District Judge. (CR-97-28)

---

Submitted: January 10, 2006          Decided: February 1, 2006

---

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John E. Davidson, DAVIDSON & KITZMANN, Charlottesville, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gavin Roderick White appeals his 188-month sentence imposed following his guilty plea to one count of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C). White first argues that the district court erred "in giving the United States Sentencing Guidelines greater weight than the other sentencing factors Congress delineated in 18 U.S.C. § 3553" when determining his sentence. (Appellant's Brief, Statement of Issues) This argument is without merit. Section 3553(a) of Title 18 requires a court to consider a number of factors, including the sentencing guidelines, when setting a defendant's sentence. We have independently reviewed the record and find that the district court committed no error in its consideration of the § 3553(a) factors.

White next challenges the district court's application of the career offender sentencing enhancement in U.S.S.G. § 4B1.1(a) based on numerous prior convictions.[1] White does not dispute the fact of

---

[1]Under U.S.S.G. § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2005). For purposes of the career offender enhancement, the term "controlled substance offense" is defined as "an offense under federal or state law, punishable by a term of imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a

the prior convictions; rather, he first argues that sentencing enhancements based on prior convictions should, in general, be unavailable where the fact of such conviction is neither alleged in an indictment nor admitted by the defendant. This argument, however, is foreclosed by United States v. Thompson, 421 F.3d 278, 285-86 (4th Cir. 2005), where we held that a sentencing court does not violate the Sixth Amendment by applying a guidelines enhancement based on the fact of a prior conviction so long as the facts relevant to the enhancement are inherent in the prior conviction. Thompson makes clear that the universe of facts that a court can rely on when applying a guidelines enhancement is not as limited as White suggests.

White next argues that the district court made specific findings of fact regarding his prior convictions that violate the Sixth Amendment. This argument is without merit. Our review of the record indicates that the district court did not engage in any improper fact-finding in this case. The record before the district court contained sufficient information regarding White's prior drug convictions to justify application of the career offender

---

controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b) (2005).

The Presentence Investigation Report for White listed fourteen adult convictions in fourteen years, including one Virginia conviction for distributing cocaine and a federal conviction for possession of cocaine with intent to distribute. J.A. 82-84.

3

enhancement without violating the Sixth Amendment. The Pre-Sentence Report indicates that White had been previously convicted of two controlled substance offenses: (1) two state counts of distributing cocaine in 1992, and (2) one federal count of possession with intent to distribute cocaine in 1992. J.A. 83-84.[2] Each of these prior convictions qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) because each was "punishable by a term of imprisonment of more than one year"[3] and each involved either the distribution of or possession with intent to distribute a controlled substance. Therefore, we find that the district court had sufficient information before it to sentence White as a career offender without engaging in fact-finding that violates the Sixth Amendment.

Accordingly, we affirm White's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]The designation "J.A." refers to the Joint Appendix filed by the parties with this appeal.

[3]For his state convictions, Mr. White was sentenced to 5 years with 5 years suspended on one count and 12 years with 4 years suspended on the second count. J.A. 83. For his federal conviction, Mr. White was sentenced to 12 months imprisonment and 3 years supervised release. J.A. 84.

4